IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHAUN S., § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| V. § | No. 3:21-cv-594-G-BN | |
| § | | |
| ANDREW M. SAUL, § | | |
| Commissioner of Social § | | |
| Security Administration, § | | |
| § | | |
| Defendant. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff Shaun S.'s counsel has filed an Application for Attorney Fees Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, *et seq*. *See* Dkt. No. 22.

Plaintiff successfully appealed the final decision of the Commissioner denying her application for benefits under the Social Security Act. *See* Dkt. No. 19.

Plaintiff moves for an award of attorneys' fees under the EAJA, 28 U.S.C. § 2412(d). Under the EAJA, the Court must award attorneys' fees and expenses if: (1) the claimant is the "prevailing party"; (2) the government's position was not "substantially justified"; and (3) there are not special circumstances that make an award unjust. *See Murkledove v. Astrue*, 635 F.3d 784, 790 (5th Cir. 2011) (citing 28 U.S.C. § 2412(d)(1)(A)). A claimant is the "prevailing party" for purposes of the EAJA where she obtains a "sentence four" judgment reversing denial of benefits and requiring further proceedings before the agency. *See Shalala v. Schaefer*, 509 U.S.

292, 300-02 (1993). Any attorneys' fees awarded under the EAJA must be reasonable. *See* 28 U.S.C. § 2412(b).

Here, Plaintiff is the prevailing party for the EAJA's purposes, the Commissioner has not met her burden of proving substantial justification, and no special circumstances make an award unjust.

As the prevailing party, Plaintiff seeks an award of $7,556.12 in attorneys' fees (for 35.75 hours at a rate of $211.36 per hour) plus supplemental fees of $422.72 for 2 hours of work (at a rate of $211.36 per hour) in replying in support of the application, plus court costs of $402.00, for a total award of $8,380.84. *See* Dkt. No. 22 at 7; Dkt. No. 24 at 9. Plaintiff's counsel has submitted an itemized statement detailing the time devoted to the case. *See* Dkt. No. 22-6.

"In response, the Commissioner does not dispute the issues of prevailing party status, timeliness, proper application for fees, hourly rates requested, or substantial justification." Dkt. No. 23 at 1.

But the Commissioner objects to the amount of fees sought, asserting that the total number of hours is not reasonable. *See* Dkt. No. 24 at 1. "[T]he Commissioner respectfully submits that a reasonable award of attorney fees under the EAJA in this case would be $7,429.72, consisting of $7,027,72, in attorney fees at an hourly rate of $211.36, plus $402.00 in filing fees." *Id.* at 1-2.

"The Commissioner notes that it has been acknowledged that the typical request for reimbursement of attorney's hours in an EAJA application is between 30 and 40 hours.." *Id.* at 3. But, the Commissioner notes, "in the instant case, the

Commissioner requested remand after Plaintiff filed his Opening Brief. Commissioner did not file a responsive brief. Nor did Plaintiff file a reply brief. Accordingly, Plaintiff's attorneys spent no time – and incurred no attorney fees – reviewing any responsive brief or preparing any reply brief in this case. Due to the circumstances of the instant case, the Commissioner submits that 35.75 attorney hours spent is excessive." *Id.*

And, so, "[t]he Commissioner objects to the total number of attorney hours sought." *Id.* "Specifically, the Commissioner objects to time entries from November 8, 2021 and November 9, 2021, in connection with completing drafting argument section A and beginning and completing argument section B of Plaintiff's two-issue brief, for a cumulative total of 15.00 hours," and "[t]he Commissioner submits that Plaintiff's Brief does not include any novel legal arguments or uncommon factual issues" and "also notes that Plaintiff's counsel has been practicing Social Security law for many years.." *Id.* at 3-4 (footnote omitted). The "Commissioner also notes that Plaintiff's counsel has been practicing Social Security law for many years" and contends that the "government is entitled to expect some additional efficiency from experienced or able counsel." *Id.* "Accordingly, the Commissioner submits that a total of 12.50 attorney hours for work performed on November 8, 2021, and November 9, 2021, in connection with preparation of Plaintiff's Brief" – "result[ing] in a reduction of 2.50 attorney hours, or $528.40 in attorney's fees (using the rate of $211.36 per hour)" – "would be reasonable." *Id.* at 4.

Plaintiff replies that, while the Commission "cites a case asserting that between 30 and 40 hours is a 'typical' fee award in a disability appeal, inferring from this that anything more is unreasonable," Plaintiff's "initial request for 35.75 hours well within this range" and "preparation of the opening brief took only 31.25 – on the lower end of what the agency claims to be 'average.'" Dkt. No. 24 at 3, 4.

And, Plaintiff replies, the Commissioner's "objection implies the agency should receive a discount because she agreed to remand the case after Plaintiff's Opening Brief" and that Plaintiff's "counsel should not be compensated for parts of the brief which were unneeded," but "the Commissioner did not specify which of Plaintiff's arguments carried the day when she filed to remand the case for another hearing," and, "[e]ven if she had specified the argument which supported remand, the Court should reject the Commissioner objection where, "[i]In conceding Steiniger is entitled to an attorney fee award for the Opening Brief, the Commissioner agreed she was not substantially justified in defending the Administrative Law Judge's decision" and "cannot parcel out a single issue to justify awarding a lesser fee, as substantial justification applies to the whole." *Id.* at 4.

After reviewing the briefing in this action and Plaintiff's counsel's explanation, the undersigned is not persuaded that the reduction that the Commissioner advocates is necessary or appropriate, and, after reviewing the itemized time entries, the undersigned finds the time billed for work performed on November 8, 2021 and November 9, 2021 – as well as the other hours that the Commissioner does not object to – is reasonable in light of Plaintiff's counsel's explanation and the matters at issue

in Plaintiff's successful briefing. And the undersigned agrees that Plaintiff is entitled to recover the 2 hours of fees that he incurred in having his counsel file a reply in support of the fee application. *See* Dkt. No. 24 at 8-9.

The undersigned finds that Plaintiff is entitled an award of fees under Section 2412(d) at hourly rate of $211.36; that the total 37.75 hours of work claimed are reasonable and compensable under the EAJA; and, after considering all the relevant factors, that the lodestar amount of $7,958.12 in fees should be accepted as the appropriate award to Plaintiff under 28 U.S.C. § 2412(d). *See Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010); *Saizan v. Delta Concrete Prods. Co., Inc.*, 448 F.3d 795, 800 (5th Cir. 2006); *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).

## Recommendation

The Court should grant Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act [Dkt. No. 23] and award Plaintiff of $7,958.12 in attorneys' fees and $402.00 for court filing fees under 28 U.S.C. § 2412(d) and order Defendant to make the check payable to Shaun S. but to mail the check to Plaintiff's attorney's address.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 8, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE